**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

FOREST GUARDIANS and SINAPU,

       Plaintiffs,

vs.                                                                                      No. CIV  07-1043 JB/ACT

UNITED STATES FOREST SERVICE,

       Defendant,

and

NEW MEXICO CATTLE GROWERS'
ASSOCIATION, NEW MEXICO
FEDERAL LANDS COUNCIL, and
COALITION OF ARIZONA/NEW
MEXICO COUNTIES FOR STABLE
ECONOMIC GROWTH,

       Proposed Defendant-Intervenors.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Motion to Intervene on Behalf of the New Mexico Cattle Growers' Association, the New Mexico Federal Lands Council, and the Coalition of Arizona/New Mexico Counties for Stable Economic Growth, filed February 28, 2008 (Doc. 17)("Motion to Intervene").  The Court held a hearing on April 30, 2008.  The primary issues are: (i) whether the Court should permit the proposed Defendant-Intervenors to intervene as of right under rule 24(a) of the Federal Rules of Civil Procedure in the liability phase of the National Environmental Policy Act ("NEPA") case; and (ii) whether, alternatively, the Court should permit the proposed Defendant-Intervenors to intervene by the Court's permission under rule 24(b).  For the reasons stated at the hearing, and for reasons stated herein consistent with those stated at the

hearing, and because the Court concludes that the proposed Defendant-Intervenors have made the requisite showing for intervention as of right and for permissive intervention, the Court will grant the motion to intervene.

## ANALYSIS

The primary issue is whether the proposed Defendant-Intervenors have a significantly protectable interest at stake.  The Plaintiffs frankly concede that the final resolution of this action could have a significant impact on the Defendant-Intervenors' interests: "Forest Guardians also understands that the grant of an injunction while [Defendant United States Forest Service] USFS complies with NEPA may preclude Applicants from maintaining their grazing operations in an uninterrupted manner.  Accordingly, Forest Guardians candidly admits that formal NEPA compliance in this instance may come with practical consequences to Applicants."  Plaintiffs' Response in Opposition to Motion to Intervene on Behalf of the New Mexico Cattle Growers' Association, the New Mexico Federal Lands Council, and the Coalition of Arizona/New Mexico Counties for Stable Economic Growth at 6, filed March 13, 2008 (Doc. 24)("Response").

Nevertheless, although admitting that the outcome of this matter "may come with practical consequences to the Applicants," the Plaintiffs contend that the Applicants fail to represent an interest that is "direct, substantial and legally protectable," relating to the property or transaction, that could be impaired or impeded by this litigation. Relying on precedent from the Honorable Martha Vasquez, then-United States District Judge and now Chief United States District Judge, in Forest Guardians v. Bureau of Land Management, 188 F.R.D. 389 (D.N.M. 1999), the Plaintiffs argue that, while the proposed Defendant-Intervenors may have a valid interest in continuing livestock grazing on the allotments at issue herein, that interest is not impaired by this matter,

because only the USFS is a proper Defendant in a matter alleging a failure to comply with NEPA. See Response at 8-15. Because the Court concludes that the United States Court of Appeals for the Tenth Circuit, in a number of opinions since Judge Vasquez' opinion in 1999, has indicated that it takes a broader definition of "interest relating to the property," Fed. R. Civ. P. 24(a)(1), than she used in her opinion, the Court will decline to follow the analysis in Forest Guardians v. Bureau of Land Management, and will find that the livestock grazing permittees have a legally sufficient interest in this action, which is aimed at halting grazing or, at a minimum, reducing the level of their use of the National Forest Lands for livestock grazing purposes.

Judge Vasquez in Forest Guardians v. Bureau of Land Management relied primarily, if not entirely, on precedent from the United States Court of Appeals for the Ninth Circuit in concluding

> that applicants here do not have a sufficiently direct, substantial, and legally protectable interest in this challenge to NEPA compliance to allow full as-of-right intervention under Rule 24. . . . Applicants may have an interest in the outcome of this litigation by virtue of their holding grazing permits, but under NEPA, they have neither a duty to comply with the statute nor an interest in compliance itself. Their interest is, at best, more suited to intervention in the remedial phase of this action.

Forest Guardians v. Bureau of Land Management, 188 F.R.D. at 395. The Plaintiffs contend that this action is similar to the one in Forest Guardians v. Bureau of Land Management and that the proposed Defendant-Intervenors' interests would not be impaired, because they will not be bound by the outcome of the present litigation. See Response at 8, 11. The Plaintiffs suggest that perhaps the Defendant-Intervenors should be permitted to intervene at the remedy stage, but not at the liability stage of the litigation. See Transcript of Hearing at 44:2-45:25 (taken April 30, 2008)("Tr.")(Court & Tuchton).[1]

---

[1] The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

Neither the Tenth Circuit, nor any other District Court within the Tenth Circuit, has explicitly adopted the Ninth Circuit's rule that only the federal government can be a defendant in a NEPA case. Moreover, this Court has granted intervention as of right and permissive intervention in a similar case involving Forest Guardians and some of the same proposed Defendant-Intervenors. See Forest Guardians v. United States Dep't of the Interior, No. CIV-02-1003 JB/WDS, 2004 WL 3426413, *10-12 (D.N.M. 2004)(Browning, J.). Furthermore, the United States Courts of Appeals for the Third Circuit and for the Fifth Circuit, and the United States District Court for the District of Columbia, have declined to follow the Ninth Circuit's rule. See Kleissler v. United States Forest Serv., 157 F.3d 964, 971-72 (3rd Cir. 1998); Sierra Club v. Glickman, 82 F.3d 106, 109-110 (5th Cir. 1996); Sierra Club v. Espy, 18 F.3d 1202, 1208 (5th Cir. 1994); Wilderness Soc'y v. Babbitt, 104 F.Supp.2d 10, 18 (D.D.C. 2000). Moreover, several student commentators have criticized the Ninth Circuit's rule. See Comment, Who Can Defend a Federal Regulation?  The Ninth Circuit Misapplied Rule 24 by Denying Intervention of Right in *Kootenia Tribe of Idaho v. Veneman*, 78 Wash. L. Rev. 1067 (2003); Note, Stacking the Deck Against "Purely Economic Interests:" Inequity and Intervention in Environmental Litigation, 35 Ga. L. Rev. 1219, 1233-39 (2001).

The Court believes that the Ninth Circuit's rule and the rule in Forest Guardians v. Bureau of Land Management impermissibly narrows the broad right of intervention which the Tenth Circuit has recognized that rule 24(a) permits. The Tenth Circuit has historically, and consistently, "tended to follow a somewhat liberal line in allowing intervention." Coalition of Arizona/New Mexico Counties for Stable Economic Growth v. United States Dep't of the Interior, 100 F.3d 837, 841 (10th Cir. 1996)(quoting Nat'l Farm Lines v. Interstate Commerce Comm'n, 564 F.2d 381, 384 (10th Cir.1977)). See Utah Ass'n of Counties v. Clinton, 255 F.3d 1246, 1249 (10th Cir. 2001).

"To limit intervention to situations where the applicant can show an economic interest would impermissibly narrow the broad right of intervention enacted by Congress and recognized by the courts. " <u>Coalition of Arizona/New Mexico Counties for Stable Economic Growth v. United States Dep't of the Interior</u>, 100 F.3d at 841.  Rule 24(a) focuses on the practical effect of litigation on a prospective intervenor rather than on legal technicalities, and thereby was intended to "expand the circumstances" in which intervention as of right would be appropriate.  <u>San Juan County, Utah v. United States</u>, 503 F.3d 1163, 1188 (10th Cir. Cir. 2007)(en banc).

Moreover, the Tenth Circuit no longer strictly applies the test for intervention upon which Judge Vazquez relied in <u>Forest Guardians v. Bureau of Land Management</u>.  In <u>San Juan County, Utah v. United States</u>, one of the Tenth Circuit's most recent pronouncements on intervention, the Tenth Circuit concluded that whether an intervenor's interest must be "direct, and legally protectable . . . is problematic."  <u>Id.</u> at 1192-93.  Rather, "the central concern in deciding whether intervention is proper is the practical effect of the litigation on the applicant of intervention."  <u>Id.</u> at 1193. "Strictly to require that the movant in intervention have a direct interest in the outcome of the lawsuit strikes us as being too narrow a construction of Rule 24(a)(2)."  <u>San Juan County Utah v. United States</u>, 503 F.3d at 1203.

According to the Tenth Circuit, "the  factors mentioned in [rule 24(a)(2)] are intended to capture the circumstances in which the practical effect on the prospective intervenor justifies its participation in the litigation."  <u>Id.</u> at 1195.  "Those factors are not rigid, technical requirements." <u>Id.</u> "In light of the pragmatic concerns that gave birth to the 1966 amendment to Rule 24(a), it would be a step backwards to read the Rule's present language in an overly technical manner."  <u>Id.</u> at 1196.

Consequently, "[t]he applicant must have an interest that could be adversely affected by the

litigation. But practical judgment must be applied in determining whether the strength of the interest and the potential risk of injury to that interest justify intervention." Id. at 1199. "The issue is the practical effect of a judgment in favor of the [Plaintiff], not the legally compelled effect." Id. at 2000. Accordingly, the Tenth Circuit acknowledges that it "follows a very broad interpretation of the interest requirement with respect to public law issues." Id. at 1201 (internal quotation marks omitted). "[T]he requirements for intervention may be relaxed in cases rasing significant public interests." Id.

In Utah Association of Counties v. Clinton, the Tenth Circuit held that "[t]he interest of the intervenor is not measured by the particular issue before the court but is instead measured by whether the interest the intervenor claims is related to the property that is the subject of the action." Utah Ass'n of Counties v. Clinton, 255 F.3d at 1252 (emphasis in original). In that case, the Utah Association of Counties filed suit to invalidate the Presidential proclamation establishing the Grand Staircase-Escalante National Monument. See id. at 1248-49. The district court denied various motions to intervene by environmental organizations and tourism-related businesses, because the case dealt not with any environmental or property rights, but rather the legality of the president's action in creating the monument. Id. at 1249. On appeal, the Tenth Circuit concluded that the district court "misperceived the interest inquiry mandated by the rule." Id. at 1252-53. The Tenth Circuit granted intervention as of right under rule 24(a), because the intervenors' interest -- the continued existence of the monument and their goal of vindicating their conservationist vision through its preservation, their use of the monument in pursuant of that vision, and their economic stake in its continued existence -- was sufficiently related to the subject of that action. See id. at 1252-53.

The proposed Defendant-Intervenors represent the grazing permittees whose grazing and allotments are implicated by the Plaintiffs' Complaint. See Motion to Intervene at 2. The proposed Defendant-Intervenors state that they should be granted permission to intervene as of right under rule 24(a) for the following reasons:

> (1) The proposed Defendant-Intervenors' application to intervene is timely, (2) the proposed Defendant-Intervenors have a significantly protectable interest at stake, (3) the disposition of this action will, as a practical matter, impair or impede the proposed Defendant-Intervenors' ability to protect their interests, and (4) the proposed Defendant-Intervenors' interests are not adequately represented by the existing parties.

Motion to Intervene at 2. The Court does not believe that there is any question that the proposed Defendant-Intervenor's application to intervene was timely.

The interest that the Defendant-Intervenors assert is in the livestock grazing permits issued by the United States Forest Service that authorize livestock to graze on federal public land. See Memorandum in Support of Motion to Intervene on Behalf of the New Mexico Cattle Growers' Association, the New Mexico Federal Lands Council, and the Coalition of Arizona/New Mexico Counties for Stable Economic Growth at 8, filed February 28, 2008 (Doc. 18)("Memorandum"). The Court finds this interest to be sufficient to satisfy the protectable interest requirement under rule 24(a). The Defendant-Intervenors' interest in continued livestock grazing on the allotments listed in the Plaintiffs' Complaint will be impaired if the Plaintiffs succeed in this litigation. The Defendant-Intervenors further allege that their interest will specifically be impaired if the Court grants the Plaintiffs' request to indefinitely enjoin livestock grazing on 26 grazing allotments. See id. at 16. The Court agrees that the outcome of this case may have major affects, economic and otherwise, on the proposed Defendant-Intervenors.

The proposed Defendant-Intervenors also allege that their interests are not adequately

represented by the existing parties -- namely the Federal Government. See id. at 20-21. The proposed Defendant-Intervenors state that the individual permittees have personal stakes in the outcome that the general public does not and that the United States does not have an incentive to vigorously defend against the Plaintiffs' allegations on behalf of the permittees affected. See id. at 20-21. More specifically, at the hearing, the attorney for the United States Forest Service pointed out that the proposed Defendant-Intervenors and the United States might have different understandings of how the relevant law should be interpreted. See Tr. at 59:7-10 (Smith)("So . . . there could be varying arguments . . . from us and the intervenors about what [the appropriation language] . . . actually means."). The United States explained that the relevant law was passed to protect both the United States Forest Service and the permittees, thus the proposed Defendant-Intervenors may have a different interpretation of the law that, first and foremost, takes into consideration the proposed Defendant-Intervenors' interests rather than the United States Forest Service's interests. See Tr. at 59:11-23 (Smith). The Court sees enough distance between the position of the proposed Defendant-Intervenors and the existing parties, from both a theoretical and practical standpoint, that the Court believes that the proposed Defendant-Intervenors have proven that their interests are not adequately represented by the existing parties. The proposed Defendant-Intervenors, therefore, have shown that they should be permitted to intervene as of right.

Under rule 24(b), a proposed intervenor may request permissive intervention. See Fed. R. Civ. P. 24(b). According to rule 24(b), "[o]n timely motion, the court may permit anyone to intervene who: (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). The proposed Defendant-Intervenors allege that their claims and defenses share substantial questions

of law and fact with the main action, and that the proposed Defendant-Intervenors will be adversely affected if the Plaintiffs prevail.  See Memorandum at 22.  The Court agrees that the proposed Defendant-Intervenors' defenses and arguments share substantial questions of law and fact with the main action in this case.  The Court also believes that the proposed Defendant-Intervenors will be adversely affected if the Plaintiffs prevail in this case.  Thus, the Court also grants the proposed Defendant-Intervenors permissive intervention.

Thus, for the reasons stated at the hearing, and for the reasons stated herein, the Court finds that the intervenors have established the elements of both intervention as of right and permissive intervention.  The intervenors have established that they have an interest in the NEPA violation stage of this case, and not just in the later harm and remedial stages of this case.

**IT IS ORDERED** that the Motion to Intervene on Behalf of the New Mexico Cattle Growers' Association, the New Mexico Federal Lands Council, and the Coalition of Arizona/New Mexico Counties for Stable Economic Growth is granted.

                                                         _____
                                                         UNITED STATES DISTRICT JUDGE

*Counsel:*

James Tutchton
Forest Guardians
Denver, Colorado

-- and --

Melissa Hailey
Forest Guardians
Santa Fe, New Mexico

*Attorneys for the Plaintiffs*

Jan Elizabeth Mitchell
  Assistant United States Attorney
Albuquerque, New Mexico

-- and --

Andrew A. Smith
  Trial Attorney
Natural Resources Section
Environment and Natural Resources Division
United States Department of Justice
Albuquerque, New Mexico

*Attorneys for the Defendant*

Karen Budd-Falen
Kathryn Brack Morrow
Budd-Falen Law Offices, LLC
Cheyenne, Wyoming

*Attorneys for the Proposed Defendant-Intervenor*