IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| WILDEARTH GUARDIANS, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> UNITED STATES FOREST SERVICE, ) <br> ) <br> Federal Defendant, ) <br> ) <br> NEW MEXICO CATTLE GROWERS' ) <br> ASSOCIATION, et al., ) <br> ) <br> Defendant-Intervenors. ) <br> ) | Civ. No. 07-1043-JB-ACT |

**PLAINTIFF'S AND FEDERAL DEFENDANT'S
JOINT MOTION FOR INDICATIVE RULING**

Pursuant Federal Rule of Civil Procedure 62.1 and Federal Rule of Appellate Procedure 12.1, Plaintiff and Federal Defendant hereby respectfully request that the Court render an indicative ruling on whether, if the case were remanded, it would enter an Order approving a Settlement Agreement between Plaintiff and Federal Defendant resolving Plaintiff's appeal before the United States Court of Appeals for the Tenth Circuit. The proposed Settlement Agreement is attached as Exhibit A. In support of this request, Plaintiff and Federal Defendant state as follows:

1. On September 30, 2009, this Court ruled in favor of Federal Defendant on all claims, and entered a Final Judgment. See Dkt. Nos. 72 and 73.

2. Plaintiff timely filed a notice of appeal on November 20, 2009, appealing the Judgment to the Tenth Circuit. See Dkt. No. 74.

3. While on appeal Plaintiff and the Federal Defendant conducted mediation with the designated Circuit Mediator for the Court of Appeals. Through the Circuit Mediator's efforts, these parties reached an agreement to settle this matter. See Exhibit A.

4. The Settlement Agreement will be effective only if this Court enters an Order approving it. Paragraph 1 of the Settlement Agreement, states: "Upon approval of this Agreement by the Court, all counts of Plaintiff's complaint shall be dismissed with prejudice. Notwithstanding the dismissal of this action, the parties hereby stipulate and respectfully request that the Court retain jurisdiction to oversee compliance with the terms of this Agreement and to resolve any motions to modify such terms, until the Federal Defendants satisfy their obligations under the Agreement. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375 (1994)." Paragraph 2(D) of the Settlement Agreement provides that the Order approving the Settlement Agreement may be modified by the Court by written stipulation between parties filed with and approved by the Court or upon written motion filed by one of the parties and granted by the Court. Plaintiff's sole remedy for an alleged violation of the Settlement Agreement shall be a motion to enforce the terms.

5. Under the proposed settlement, the Forest Service must prepare new National Environmental Policy Act ("NEPA") analyses in the form of environmental assessments (within specified time frames) or environmental impact statements, as the Forest Service deems appropriate, for five of the 26 challenged allotments. In addition, the Forest Service will place two other allotments on the 2014-2016 Rescissions Act schedule, a schedule pertaining to review of permit renewals. The Forest Service also agrees to pay Plaintiff $27,500.00 in attorneys' fees

and costs. In return, Plaintiff agrees to dismiss its appeal and dismiss its complaint with prejudice. Plaintiff also agrees that permitted livestock grazing on all allotments--including the five allotments on which additional NEPA analyses will be conducted--may continue during the process of preparing new NEPA analyses and any administrative appeals (unless the Forest Service determines otherwise in accordance with federal law).

6. After Plaintiff filed its notice of appeal, this Court was divested of jurisdiction, except over collateral matters. See Burke v. Utah Transit Authority, 462 F.3d 1253, 1264 (10th Cir. 2006). This Court's approval of the Settlement Agreement pursuant to the terms of the Settlement Agreement is not a collateral matter.

7. Federal Rule of Civil Procedure 62.1 and Federal Rule of Appellate Procedure 12.1, which became effective December 1, 2009, formalized a procedure for a district court to issue an indicative ruling on a motion for relief that is barred by a pending appeal. In pertinent part, Fed. R. Civ. P. 62.1 provides that "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: . . . state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." The corresponding Fed. R. App. P. 12. 1 states that "[i]f the district court states that it would grant the motion or that the motion raises a substantial issue, the court of appeals may remand for further proceedings but retains jurisdiction unless it expressly dismisses the appeal."

8. Rule 62.1 is appropriately used in this case for the Court to indicate whether, if the case were remanded, it would enter an Order approving the mediated Settlement Agreement

between Plaintiff and Federal Defendant in accordance with the terms of the Settlement Agreement.  Thus, in order to make the settlement of this case possible, Plaintiff and Federal Defendant respectfully request that this Court enter the attached proposed Order informing the Court of Appeals that if the case were remanded, this Court would grant a joint motion under Federal Rule of Civil Procedure 60(b) to approve the terms and conditions of the Settlement Agreement and to dismiss the Complaint with prejudice upon approval of the Settlement Agreement.

      9.  This Court should indicate a willingness to approve the Settlement Agreement because the settlement is in the public interest.  Settling the case at this juncture on the terms set forth in the Settlement Agreement would conserve the parties' and Tenth Circuit's resources, and potentially this Court's resources in the event the Tenth Circuit remanded for further proceedings after the appeal is litigated.  Furthermore, the Settlement Agreement seeks to require further NEPA analyses where it would be most meaningful in light of the purposes of NEPA:  the allotments for which additional NEPA analyses will be prepared were selected based on higher potential for livestock-wolf conflicts due to historic use of these allotments by the experimental population of Mexican gray wolves.  The additional NEPA analysis could be useful not only to the Forest Service when making grazing permit decisions, but may also be useful to the agencies involved in the wolf reintroduction program.  It may also be useful to the permittees by, for example, providing a forum for both permittees and interested parties to identify, and express their views on, ways to reduce wolf-livestock conflicts.

10. The Settlement Agreement is also a fair resolution of the case. The Settlement Agreement preserves the Court's judgment and provides repose for the vast majority--21 of the 26--allotment decisions challenged in this case. Besides ensuring that this litigation will not disturb livestock grazing allowed by the permits for those 21 allotments, the Settlement Agreement expressly provides that grazing on the five allotments for which additional NEPA analysis would be conducted may continue during the pendency of the additional NEPA analyses and any administrative appeals involving those allotments (unless the Forest Service determines otherwise in accordance with federal law). Moreover, the Settlement Agreement requires only further NEPA analyses and does not require that modifications thereafter be made to those permits slated for additional NEPA analyses.

11. Defendant-Intervenors, through counsel of record, have been consulted and oppose this motion for an indicative ruling.

FOR THE FOREGOING REASONS, Plaintiff and Federal Defendant request that this Court issue the attached proposed Order indicating that it would approve the Settlement Agreement if the Tenth Circuit remanded to this Court to consider a joint motion under Rule 60(b) seeking such approval.


DATED this 3rd day of December, 2010.    Respectfully submitted,

                                                                  IGNACIA S. MORENO
Assistant Attorney General
United States Department of Justice
Environment and Natural Resources Division

   /s/ Andrew A. Smith
ANDREW A. SMITH
Trial Attorney (NM Bar #8341)
Natural Resources Section
c/o U.S. Attorneys Office
P.O. Box 607
Albuquerque, New Mexico 87103
Tel: (505) 224-1468
Fax: (505) 346-7205
andrew.smith@usdoj.gov

*Attorney for Federal Defendant*


  /s/   authorized on 12-2-2010
JAMES TUTCHTON
WildEarth Guardians
1536 Wynkoop St., Suite 302
Denver, Colorado 80202
Tel: (303) 573-4898
Fax: (303) 573-1881
jtutchton@wildearthguardians.org

*Attorney for Plaintiff*


## CERTIFICATE OF SERVICE

I hereby certify that on December 3, 2010, copies of foregoing document and any attachments were served by the Court's ECF Notice system on all counsel of record.

   /s/ ANDREW A SMITH
Andrew A. Smith
United States Department of Justice